IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICHARD JOHNSON, §<br>     #065808, §<br>          PETITIONER, §<br> §<br>v. §<br> §<br>NAVARRO COUNTY SHERIFF, §<br>          RESPONDENT. § | CIVIL CASE NO. 3:25-CV-2731-N-BK |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the entry of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.[1]

**I. BACKGROUND**

On October 7, 2025, Petitioner Richard Johnson, a pretrial detainee in the Navarro County Jail, filed an amended habeas corpus petition complaining of lengthy pretrial incarceration and speedy trial violations. Doc. 3 at 1, 5. He requests expedited consideration. *Id.* at 1. Johnson is awaiting trial in the 13th District Court of Navarro County, Texas, Cause No. 043215-CR, on a grand jury indictment for credit and debit card abuse. Doc. 3 at 2. According to state trial court records available online (of which this Court takes judicial notice), he has

---

[1] Because the petition is unexhausted, it is more efficient to dismiss than to require compliance with the Court's filing requirements.

court-appointed counsel and is scheduled for jury trial on November 3, 2025.[2]

Johnson states that he has been incarcerated since November 2024 and that the trial court has ignored his motions for speedy trial and denied his motion for self-representation. Doc. 3 at 5. His petitions for writ of mandamus in the Texas Court of Criminals and the state Tenth Court of Appeals were denied. *See In re Johnson*, No WR-50-257-30 (Tex. Crim. App. July 30, 2025); *In re Johnson*, No WR-50-257-31 (Tex. Crim. App. Sept. 3, 2025); *In re Johnson*, No. 10-25-00319-CR (Tex. App.—Waco Sept. 11. 2025).[3]

**II. ANALYSIS**

Challenges raised in a pretrial habeas corpus petition are governed by 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). A § 2241 habeas petition is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal of § 2241 petition without ordering an answer from respondent); *see also* Rule 4 of the RULES GOVERNING SECTION 2254 CASES (providing for summary dismissal of a habeas petition).[4]

Pretrial habeas relief is available under 28 U.S.C. § 2241(c) to a person "'in custody regardless of whether final judgment has been rendered and regardless of the present status of the

---

[2] The docket sheet is available at portal-txnavarro.tylertech.cloud/PublicAccess/default.aspx (last accessed Oct. 10, 2025).

[3] Case information for the Texas Tenth District Court of Appeals and the Texas Court of Criminal Appeals is available at https://search.txcourts.gov/CaseSearch.aspx?coa=coa10&s=c and https://www.txcourts.gov/cca/ (last accessed Oct. 10, 2025).

[4] Rule 1(b) of the RULES GOVERNING SECTION 2254 CASES renders the 2254 Rules applicable to habeas petitions not covered by § 2254.

case pending against [him].'" *Hartfield v. Osborne*, 808 F.3d 1066, 1071 (5th Cir. 2015) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). A pretrial detainee, however, must fully exhaust available state remedies before seeking federal habeas relief. *Montano v. Texas*, 867 F.3d 540, 542–43 (5th Cir. 2017) (citing *Dickerson*, 816 F.2d at 225). This entails submitting the factual and legal basis of any claim to the Texas Court of Criminal Appeals. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (citations omitted); *Curtis v. Garza Cnty. Jail*, No. 5:18-CV-205-M-BQ, 2019 WL 5698802, at *2 (N.D. Tex. Oct. 8, 2019), *adopting R. & R.*, 2019 WL 5697895 (N.D. Tex. Nov. 4, 2019). Exceptions exist only "where the available . . . remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Montano*, 867 F.3d 542-43 (internal quotations and quoted case omitted).

In the pre-conviction context, a detainee confined after a felony indictment may file an application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure with the judge of the court in which he is indicted. *See* TEX. CODE CRIM. PROC. ANN. ART. 11.08. If the trial court denies habeas relief under Article 11.08, the applicant can take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g.*, *Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n. 5 (Tex. Crim. App. 1981)); *Curtis*, 2019 WL 5698802, at *2.

Johnson has not satisfied the exhaustion requirement, however. A review of his petition confirms that he did not file a state habeas application under Article 11.08 challenging his pretrial incarceration and speedy trial violations. Further, a search of online state court records confirms that no Article 11.08 state habeas application or appeal was filed. As a result, the

Texas Court of Criminal Appeals has not had an opportunity to consider Johnson's claims, and they remain unexhausted.

### III. CONCLUSION

For all these reasons, Johnson's habeas corpus petition should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

**SO RECOMMENDED** on October 20, 2025.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).